# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SINO STAR GLOBAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> POCKETBOOK INTERNATIONAL S.A., <br><br> Defendant. | Civil Action No. 4:21-cv-1003 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sino Star Global Ltd. ("Sino Star" or "Plaintiff"), for its Complaint against Defendant PocketBook International S.A. (referred to herein as "PocketBook" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2. Plaintiff Sino Star is a limited liability company organized under the laws of the British Virgin Islands.

3. Upon information and belief, Defendant is a company organized under the laws of Switzerland and located at Crociccio Cortogna, 6, 6900 Lugano, Switzerland. Upon information and belief, Defendant sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).  Upon information and belief, Defendant is not a resident in the United States and may be sued in any judicial district.  Defendant has committed acts of infringement in this District and has a regular and established place of business within this District.

7. Upon information and belief, Defendant is subject to this Court's general and specific personal jurisdiction, because Defendant has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute, because Defendant purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Defendant regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from each of Defendants' business contacts and other activities in the State of Texas and this District.

## BACKGROUND

**U.S. Patent No. 7,304,635**

8. Chern Hway Seet and Seng Beng Ho are the inventors of U.S. Patent No. 7,304,635 ("the '635 patent").  A true and correct copy of the '635 patent is attached as Exhibit A.

9. The '635 patent resulted from the pioneering efforts of Messrs. Seet and Ho (hereinafter "the Inventors") in the area of electronic books.  These efforts resulted in the development of a novel method and system for a book-like interface for ease of navigation

through electronic contents in 2003.  At the time of these pioneering efforts, the most widely implemented technology for viewing electronic documents stored in a computer was through a computer monitor screen that could be scrolled through with a mouse and scroll-bars.  Users did not find this a convenient way to view a document, as compared with a book.  The Inventors conceived of the invention claimed in the '635 patent as a way to improve upon these shortcomings and allow for more flexible browsing of electronic content.

10. For example, as recited in claim 1 of the '635 patent, the Inventors developed a method for controlling an electronic book, comprising steps of:

> rendering a display of one of an electronic book interface and an electronic book display with an executable program or programs;
>
> controlling at least a display of said electronic book with an electronic book behavior specification, said electronic book behavior specification being data separate from the executable program or programs which render the display of one of the electronic book interface and the electronic book display; said electronic book behavior specification containing both a static specification and a dynamic specification, said dynamic specification configured to allow an electronic book behavior of a displayed electronic book to be initiated or modified via a user-initiated command or an automatically-initiated command.

11. Because of the aforementioned advantages that can be achieved through the use of the patented invention, the '635 patent presents significant commercial value for companies like Defendant.

12. The patented invention disclosed in the '635 patent resolves technical problems related to the browsing of electronic content, such as an electronic book ("e-book"), that allows for a rapid view of the contents and rapid access to the items in the contents.

13. The claims of the '635 patent do not merely recite the performance of some well-known business practice from the pre-Computer world along with the requirement to perform it on the Computer. Instead, the claims of the '635 patent recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to control the mode of display of an e-book interface, control changes of an e-book display, and to control interaction of the contents of an e-book's interface.

14. The claims of the '635 patent recite inventive concepts that are not merely routine or conventional use of the aforementioned computer systems but provide a new and novel solution to specific problems related to improving control of e-book modes and display changes, and control of the contents of an e-book's interface therein.

15. And finally, the patented invention disclosed in the '635 patent does not preempt all the ways that e-books may be controlled to improve modes, display changes, or interfaces, nor does the '635 patent preempt any other well-known or prior art technology.

16. Accordingly, the claims in the '635 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

**U.S. Patent No. 7,009,596**

17. Chern Hway Seet and Seng Beng Ho are the inventors of U.S. Patent No. 7,009,596 ("the '596 patent"). A true and correct copy of the '596 patent is attached as Exhibit B.

18. The '596 patent resulted from the pioneering efforts of Messrs. Seet and Ho (hereinafter "the Inventors") in the area of electronic books. These efforts resulted in the development of a novel method and system for a book-like interface for ease of navigation and

review through electronic contents in 2003.  At the time of these pioneering efforts, the most widely implemented technology for viewing electronic documents stored in a computer was through a computer monitor screen that could be scrolled through with a mouse and scroll-bars. Users did not find this a convenient way to view a document, as compared with a book.  The Inventors conceived of the invention claimed in the '596 patent as a way to improve upon these shortcomings and allow for more flexible browsing and interaction of electronic content.

19. For example, as recited in claim 1 of the '596 patent, the Inventors developed a method for controlling an electronic book, comprising steps of:

> controlling at least a display of said electronic book with an electronic book behavior specification, said electronic book behavior specification containing both a static specification and a dynamic specification, said dynamic specification configured to allow an electronic book behavior to be initiated or modified via a user-initiated command or an automatically-initiated command, wherein said step of controlling said electronic book with a dynamic specification comprises at least one of:
>
> controlling event triggered page flipping;
> controlling an electronic book auto-flipping; and
> controlling an electronic book auto-narration.

20. Because of the aforementioned advantages that can be achieved through the use of the patented invention, the '596 patent presents significant commercial value for companies like Defendant.

21. The patented invention disclosed in the '596 patent resolves technical problems related to the browsing of electronic content, such as an electronic book ("e-book"), that allows for a rapid view of the contents and rapid access to the items in the contents, and includes a dynamic specification for controlling an e-book auto-narration.

22. The claims of the '596 patent do not merely recite the performance of some well-known business practice from the pre-Computer world along with the requirement to perform it on the Computer. Instead, the claims of the '596 patent recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to control the mode of display of an e-book interface, control changes of an e-book display, and to control interaction of the contents of an e-book's interface including auto-narration.

23. The claims of the '596 patent recite inventive concepts that are not merely routine or conventional use of the aforementioned computer systems but provide a new and novel solution to specific problems related to improving e-book modes and display changes, and control of the contents of an e-book's interface, such as through a dynamic specification therein.

24. And finally, the patented invention disclosed in the '596 patent does not preempt all the ways that e-books may be controlled to improve modes, display changes, or interfaces, nor does the '596 patent preempt any other well-known or prior art technology.

25. Accordingly, the claims in the '596 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

### **COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,304,635**

26. The allegations set forth in the foregoing paragraphs are incorporated into this Count I.

27. On December 4, 2007, the '635 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Programmable Virtual Book System."

28. Sino Star is the assignee and owner of the right, title and interest in and to the '635 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

29. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '635 patent by using its e-books, specifically its e-book platform and the computer systems therein (the "Accused Instrumentalities").

30. Upon information and belief, the Accused Instrumentalities performs a method for controlling an e-book that implements a display with an executable program and an e-book behavior specification.  Exemplary infringement analysis showing infringement of all elements of the method recited in claim 1 of the '635 patent is set forth in Exhibit C.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '635 patent.  Sino Star reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '635 patent.

31. PocketBook has infringed and is infringing, individually and/or jointly, either literally or under the doctrine of equivalents, at least claim 1 of the '635 patent in violation of 35 U.S.C. §§ 271, *et seq.*, directly or indirectly, by making, using, offering for sale, selling, offering for lease, leasing in the United States, and/or importing into the United States without authority or license, the Accused Instrumentalities.

32. Upon information and belief, PocketBook has had knowledge of the '635 patent, at least since receiving a notice letter from Sino Star dated August 9, 2019.

33. Upon information and belief, since PocketBook had knowledge of the '635 patent, PocketBook has induced and continues to induce others to infringe at least one of claim 1 of the '635 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to

PocketBook's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claim 1 of the '635 patent.

34. In particular, PocketBook's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities. (*See, e.g.*, https://pocketbook.ch/en-ch/support.)

35. Upon information and belief, PocketBook has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because PocketBook has had actual knowledge of the '635 patent and that its acts were inducing infringement of the '635 patent since PocketBook has had knowledge of the '635 patent.

36. PocketBook's infringement of the '635 patent is willful and deliberate, entitling Sino Star to enhanced damages and attorneys' fees.

37. PocketBook's infringement of the '635 patent is exceptional and entitles Sino Star to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

38. Sino Star is entitled to recover from PocketBook all damages that Sino Star has sustained as a result of PocketBook's infringement of the '635 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,009,596

39. The allegations set forth in the foregoing paragraphs are incorporated into this Count II.

40. On March 7, 2006, the '596 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Programmable Virtual Book System."

41. Sino Star is the assignee and owner of the right, title and interest in and to the '596 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

42. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '596 patent by using its e-books, specifically its e-book platform and the computer systems therein (the "Accused Instrumentalities").

43. Upon information and belief, the Accused Instrumentalities performs a method for controlling an electronic book. Exemplary infringement analysis showing infringement of all elements of the method recited in claim 1 of the '596 patent is set forth in Exhibit D. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '596 patent. Sino reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '596 patent.

44. The Accused Instrumentalities infringe and continue to infringe claim 1 of the '596 patent during the pendency of the '596 patent.

45. PocketBook has infringed and is infringing, individually and/or jointly, either literally or under the doctrine of equivalents, at least claim 1 of the '596 patent in violation of 35 U.S.C. §§ 271, *et seq.*, directly or indirectly, by making, using, offering for sale, selling, offering for lease, leasing in the United States, and/or importing into the United States without authority or license, the Accused Instrumentalities.

46. Upon information and belief, PocketBook has had knowledge of the '596 patent, at least since receiving a notice letter from Sino Star dated August 9, 2019.

47.     Upon information and belief, since PocketBook had knowledge of the '596 patent, PocketBook has induced and continues to induce others to infringe at least one of claim 1 of the '596 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to PocketBook's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claim 1 of the '596 patent.

48.     In particular, PocketBook's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities. (*See, e.g.,* https://pocketbook.ch/en-ch/support.)

49.     Upon information and belief, PocketBook has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because PocketBook has had actual knowledge of the '596 patent and that its acts were inducing infringement of the '596 patent since PocketBook has had knowledge of the '596 patent.

50.     PocketBook's infringement of the '596 patent is willful and deliberate, entitling SINO STAR to enhanced damages and attorneys' fees.

51.     PocketBook's infringement of the '596 patent is exceptional and entitles Sino Star to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

52.     Sino Star is entitled to recover from PocketBook all damages that Sino Star has sustained as a result of PocketBook's infringement of the '596 patent, including without limitation and/or not less than a reasonable royalty.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sino demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sino demands judgment for itself and against Defendant as follows:

A. An adjudication that the Defendant has infringed U.S. Patent Nos. 7,304,635 and 7,000,596;

B. An award of damages to be paid by Defendant adequate to compensate Sino Star for Defendant's past infringement of U.S. Patent Nos. 7,304,635 and 7,000,596, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. Enhanced damages for willful infringement;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Sino Star's reasonable attorneys' fees; and

E. An award to Sino Star of such further relief at law or in equity as the Court deems just and proper.

Dated: December 29, 2021

DEVLIN LAW FIRM LLC

*/s/ James M. Lennon*
James M. Lennon
jlennon@devlinlawfirm.com
Timothy Devlin
tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff
Sino Star Global Ltd.*